BUCHALTER, NEMER, FIELDS & YOUNGER
A Professional Corporation
    BERNARD E. LESAGE, ESQ. (State Bar No. 61870)
    ADAM J. BASS, ESQ. (State Bar No. 156900)
    SARAH K. ANDRUS, ESQ. (State Bar No.  174323)
601 South Figueroa Street, Suite 2400
Los Angeles, CA  90017-5704
Tel: (213) 891-0700/Fax: (213) 896-0400

BUCHALTER, NEMER, FIELDS & YOUNGER
A Professional Corporation
    RICHARD C. DARWIN, ESQ. (State Bar No. 161245)
333 Market Street, 25th Floor
San Francisco, CA 9411
Tel: (415) 227-0900/Fax: (415) 227-0770
E-Mail: rdarwin@buchalter.com

Attorneys for Defendants, AMERIQUEST MORTGAGE
COMPANY and VINCENT LINZIE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BAILEY, an individual | CASE NO. C 04 4905 CRB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| AMERIQUEST MORTGAGE COMPANY, a Delaware Corporation; VINCENT LINZIE, an individual, and DOES 1 - 20, inclusive, | |
| Defendants. | |

Defendants and plaintiff James Bailey, by and through their respective counsel, hereby agree and stipulate as follows:

    1.    The following procedure shall govern the production of all materials during discovery in this matter, including not limited to, answers to interrogatories, requests for admissions, all documents produced by parties or non-parties, responses to subpoenas duces tecum, deposition testimony, and information contained therein, and information provided during

1

any settlement discussions (hereinafter collectively the "Discovery Materials") which are designated as confidential pursuant to paragraph 2 below, including all copies, excerpts, summaries and information derived from them (collectively "Confidential Materials").

2.    Any party or non-party producing Discovery Materials may designate Discovery Materials as "CONFIDENTIAL."  As a general guideline, information or materials designated as "Confidential" shall be those things that may be disclosed to the parties for the purposes of this litigation, but which must be protected against disclosure to third parties.

3.    Any party who produces documents or computer media or gives testimony in this action may designate information as "CONFIDENTIAL" in the following manner:

a.    Designation of Documents:  Any "document" (defined herein as including, but not limited to exhibits, documents and things, including prototypes and samples, answers to discovery such as interrogatories and responses to requests for admission, motions, briefs, memoranda, deposition or hearing transcripts, and copies of any of the foregoing) produced or given by any party during discovery, hearings or trial in this case which sets forth or contains any "CONFIDENTIAL" information (as defined above) may be designated by a party or other producing party with the notation that it is "CONFIDENTIAL."  The notation "CONFIDENTIAL" shall be placed on every page of each document so designated.

b.    Designation of Computer Media:  Any "CONFIDENTIAL" information produced on magnetic disks or other computer-related media may be designated as such by labeling each disk "CONFIDENTIAL" prior to production.  In the event a receiving party generates any "hard copy" or printout from any such disks, that party must immediately stamp each page "CONFIDENTIAL" as appropriate and the hard copy or printout shall be treated as provided herein for such categories.

c.    Designation of Deposition Testimony:  Deposition testimony may be designated "CONFIDENTIAL" by oral designation on the record, or within ten (10) days after the transcript of such deposition is made available to the designating party.  The person making the designation shall instruct the court reporter to separately bind the

2

1    portions of the deposition transcript so designated, and to stamp the word

2    "CONFIDENTIAL" on each page of the transcript as appropriate.

3        4.     Should any party to whom Confidential Materials are produced object to the

4    classification of such materials as "CONFIDENTIAL," and should the objecting party and the

5    producing party or non-party be unable to resolve the objection informally, then the objecting

6    party may move for an order determining whether the materials are properly designated.  Until a

7    motion is filed and resolved by the Court, all materials designated "CONFIDENTIAL" shall be

8    treated as Confidential Materials.

9        5.     "CONFIDENTIAL" materials may not be disclosed except as set forth in

10   paragraph 6 below.  Confidential Materials shall be used solely for the purposes of this litigation

11   and shall not be used for any business or other purpose.  The restrictions on use of Confidential

12   Materials set forth in this Order shall survive the conclusion of this matter, and, after conclusion

13   of this matter, the Court shall retain jurisdiction for the purpose of enforcing this Order.

14       6.     "CONFIDENTIAL" materials may be disclosed only to the following:

15           (a)    Parties of record to this action;

16           (b)    Counsel of record for any party to this action, including contract attorneys

17   and pro bono counsel;

18           (c)    Paralegal, stenographic, clerical, and secretarial personnel employed by

19   counsel listed in (b) above;

20           (d)    Court personnel, including stenographic reporters engaged in such

21   proceedings as are necessarily incident to preparation for trial and trial of this action; and

22           (e)    Any consultant or expert retained in connection with this action, provided

23   that (1) such person does not currently work for, and is not otherwise in contract with, a

24   competitor of Ameriquest Mortgage Company, and will not be employed or in contract

25   with a competitor of Ameriquest for the duration of this action; and (2) each such person

26   first acknowledges in writing, under oath, that he or she has read this Order and agrees to

27   be bound by its terms.  This acknowledgment shall be made by execution of the

28   Undertaking attached to this Order as Exhibit A.  All such written acknowledgments shall

1    waiver of any other claim of privilege.

2    Dated: April 20, 2005                     PETERSON WEYAND & MARTIN LLP

3

4                                              By:_____
                                                    P. KURT PETERSON
5                                              Attorneys for Plaintiff

6    Dated: April 20, 2005                     BUCHALTER, NEMER, FIELDS & YOUNGER
                                               A Professional Corporation
7

8                                              By _____
                                                    RICHARD C. DARWIN
9                                              Counsel for defendants AMERIQUEST
                                               MORTGAGE CORPORATION and VINCENT
10                                             LINZIE

11

12       Based on the foregoing stipulation, and good cause appearing therefor,

13   **IT IS SO ORDERED.**

14

15   Dated: June 22, 2005 _____            _____
                                               UNITED STATES DISTRICT JUDGE
16

17                                             APPROVED

18

19                                             Charles R. Breyer

20

21

22

23

24

25

26

27

28

BUCHALTER, NEMER,
FIELDS & YOUNGER
ATTORNEYS AT LAW
LOS ANGELES

STIPULATED PROTECTIVE ORDER – CASE NO. C 04 4905 CRB

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES BAILEY,            )    CASE NO. C 04-4905 CRB

        Plaintiff,      )

   vs.                )    **UNDERTAKING RE: STIPULATED**
                            )    **PROTECTIVE ORDER**

AMERIQUEST MORTGAGE Co., et al.,  )

Defendant.          )

                            )

                            )

                            )

_____ )

       I, _____, have read the STIPULATED PROTECTIVE ORDER ("Order") entered by order of The Honorable Charles R. Breyer of the United States District Court for the Northern District of California in this matter and know the contents thereof. I understand and agree that I shall not use or disclose, in public or private, any Confidential Materials or information contained therein or information derived therefrom without the prior written consent of the designating party or as otherwise set forth in the Order or permitted or required by an order of the Court. I agree that I will not keep any originals or copies of documents or other materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL for any purpose, unless such documents or other materials were in my possession prior to the commencement of this litigation. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____       _____
                                   [SIGNATURE]

BNFY 519156v1

6

BUCHALTER, NEMER,
FIELDS & YOUNGER
ATTORNEYS AT LAW
LOS ANGELES